LINKS: 8, 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9751 GAF (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | Kenny Rosen et al v. CBS Broadcasting Inc | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**       **(In Chambers)**

<u>**ORDER RE CROSS MOTIONS**</u>

**I.
INTRODUCTION**

    When two parties have agreed that disputes under their contract should be arbitrated, who decides who should decide whether one of them has lost his right to proceed in arbitration? This question is a somewhat more attenuated variation of the more commonly asked question: who decides whether the merits of a particular dispute is arbitrable.

    In this case, Plaintiffs contend that Defendant CBS Broadcasting, Inc. has breached the terms of their arbitration agreement, has waived its right to arbitrate the merits of their dispute, and that the district court and not an arbitrator should rule on the waiver question. CBS contends that it has not waived arbitration of the dispute and that resolution of the question of waiver should be resolved by the arbitrator. These issues are presented in cross motions filed by the Parties. CBS moves to dismiss Plaintiffs' claims, or in the alternative, to stay the case pending arbitration. (Docket No. 8, [Mot. to Dismiss ("CBS Mem.")].) Plaintiffs move for partial summary judgment of their first claim - declaratory judgment that CBS waived any rights it had to require Plaintiffs to submit to arbitration for disputes stemming from the NDAs. (Docket No. 10-1, [Mot. for Partial Summary Judgment ("Rosen Mem.")].)

    As discussed in greater detail below, the Court concludes that the arbitration agreement provides that all disputes, including the gateway dispute before the Court, should be decided by

LINKS: 8, 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9751 GAF (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | Kenny Rosen et al v. CBS Broadcasting Inc | | |

the arbitrator. The motion for summary adjudication is therefore **DENIED**; the motion to dismiss is **GRANTED** and all further proceedings are **STAYED** pending arbitration of the dispute.

## II.
## BACKGROUND

### A. THE DISTRICT COURT ACTION

Ken Rosen and his fellow plaintiffs (jointly referenced as "Rosen" or "Plaintiffs") once worked for CBS on the "Big Brother" reality series. As a condition of his employment, Rosen signed a series of non-disclosure agreements ("NDAs") in which he promised to maintain the confidentiality of CBS's trade secret information disclosed to him and to arbitrate disputes that arose under the agreement. After some years on the show, Rosen left and eventually began working on ABC's competing series, the now-cancelled but unlamented "Glass House." When "Glass House" was about to air in May of 2012, CBS brought copyright claims against Rosen and ABC, and causes of action against Rosen for breach of the NDAs and misappropriation of trade secrets. (See CBS Broadcasting Inc v. American Broadcasting Companies Inc et al, 12-4073 GAF, Docket No. 1, [CBS Compl.].)[1] CBS sought preliminary injunctive relief barring the airing of "Glass House" and the alleged misappropriation of trade secrets. (See, e.g., CV 12-4073, Docket No. 6, at 7-9; Docket No. 41.) After a brief period of expedited discovery, the Court conducted a hearing on the request for injunctive relief and denied the motion. (See CV 12-4073, Docket No. 113.) The Court focused most of its analysis on the copyright claim and gave much less attention to the trade secret claims. (Id.) A few weeks later, CBS dismissed its claims against all defendants. Three months and seven days elapsed between the filing of the lawsuit and its voluntary dismissal.

### B. THE ARBITRATION[2]

On July 30, 2012, the day that it dismissed its claims against Rosen, CBS filed a demand

---

[1] On May 15, 2012, 5 days after suit was filed, CBS sent an email to counsel for Plaintiffs in this action stating that CBS would be dropping all damage claims against the individual defendants and would be seeking only injunctive relief as to them, under California Code of Civil Procedure § 1281.8. (CV 12-9751, Docket No. 15, [CBS's Response to Plaintiffs' Statement of Undisputed Facts ("CBS SUF")] ¶¶ 25-26.) The individual defendants were formally dismissed from the CBS Complaint on July 30, 2012. (CV 12-4073, Docket No. 135.)

[2] Unless otherwise noted, all docket citations from this point on will be to case number CV 12-9751.

Case 2:12-cv-09751-GAF-JEM Document 27 Filed 03/18/13 Page 3 of 11 Page ID #:1486

LINKS: 8, 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9751 GAF (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | Kenny Rosen et al v. CBS Broadcasting Inc | | |

for arbitration initiating proceedings against Rosen setting forth essentially the same claims that were included in the district court complaint. (Docket No. 15, [CBS's Response to Plaintiffs' Statement of Undisputed Facts ("CBS SUF")] ¶ 52; Compare Docket No. 11, [Declaration of Jonathan E. Altman ("Altman Decl.")], Ex. 2, [Demand for Arbitration]. to CBS Compl.) The only material difference is that the Demand for Arbitration specifically mentions the Arbitration Clause. (Demand for Arbitration at 12.) The relief sought in the Demand for Arbitration - injunctive relief, compensatory, liquidated, and punitive damages, and attorneys' fees and costs - is indistinguishable from the relief sought in the CBS Complaint. (Compare Demand for Arbitration at 14-15 to CBS Compl. at 32-33.)

## C. THE PRESENT LAWSUIT AND PENDING MOTIONS

On November 14, 2012, Rosen filed this lawsuit in which he challenges CBS's right to proceed against him in arbitration. He brings claims for (1) declaratory relief that CBS waived its right to arbitrate the dispute; (2) declaratory relief that Rosen has not breached the NDAs; and (3) breach of contract concerning CBS's publicizing the initiation of arbitration proceedings. He also seeks an injunction barring CBS from proceeding with the arbitration.

Rosen now seeks partial summary judgment on his first cause of action. (Rosen Mem.) He contends that there is no factual dispute that CBS filed suit in district court seeking relief on claims that he contends should have been arbitrated and that, as a matter of law, CBS has therefore waived the right to proceed with its arbitration. (Id. at 1-3.) CBS counters with a motion of its own seeking dismissal of Rosen's lawsuit or, in the alternative, a stay pending the CBS Arbitration. (CBS Mem.) The Court concludes that the issues presented should be arbitrated and Rosen's claims stayed or dismissed. The Court's discussion of the case law will be relatively brief, will identify those cases that seem to control the Court's decision here, and will leave it to the parties to determine their next move.

## III.
## DISCUSSION

## A. THE STANDARDS

Whether the Court addresses the motions under Fed. R. Civ. P. Rule 56 or Rule 12(b)(6) is immaterial. The material facts are not in dispute and present the Court with questions of law that can be resolved under either standard.

## B. THE ISSUE

LINKS: 8, 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9751 GAF (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | Kenny Rosen et al v. CBS Broadcasting Inc | | |

    The dispositive issue before the Court is whether CBS has waived its right, through litigation conduct, to arbitrate its claims against Rosen. CBS contends that it did not. It argues that it quickly gave Rosen notice that it did not intend to pursue damages in the district court and that the NDAs expressly permitted it to seek injunctive relief in federal court to insure that its remedies in arbitration were not rendered illusory by delay. (CBS Mem. at 17-18.) According to CBS, the NDAs also contemplate that any contention that the arbitration agreement should not be enforced is a matter to be decided by an arbitrator and not in district court. (Id. at 8-13.) CBS cites voluminous authority in support of its arguments.

    Rosen claims that CBS has waived its right to arbitrate by bringing its lawsuit in district court and naming Rosen as a defendant. (Rosen Mem. at 1, 15-24.) Rosen notes that, even though CBS quickly gave notice of its supposed intent to dismiss Rosen, it did not do so quickly, and in fact waited a month and a half to take that promised step. (Id. at 4-7.) Furthermore, Rosen contends that the question of waiver by litigation conduct is an issue that is uniquely suited to the court before whom the litigation was conducted. (Id. at 8-13.) Accordingly, Rosen contends that this Court and not an arbitrator should resolve the threshold question of waiver. (Id.) Rosen cites voluminous authority in support of his arguments.

## C. THE NDAS

    Rosen's several NDAs each contain substantially the same material language, which expressly contemplate the disclosure of confidential information regarding the "Big Brother" television series during his employment on the show and provides that any disclosures of such information to any third party constitutes a breach of the agreement. (Altman Decl., Ex. 1 [Rosen NDA] at 3.) Breach of the agreement subjects Rosen to a suit for damages "without prejudice to any other legal *or equitable rights or remedies that Producer may have as a result of a violation of the terms hereof.*" (Id. at 4.) (Emphasis added.) The agreement further provides:

> You acknowledge and agree that any disclosure by you to Third Parties of any Confidential Information will cause irreparable harm to Producer, which damages and injuries will not be measurable or susceptible to calculation. You further acknowledge and agree that any breach or threatened breach of this Agreement due to the unauthorized disclosure or threatened disclosure by you to Third Parties of any Confidential Information, without limiting any other damages or remedies Producer may have or seek for such breach or threatened breach, shall entitle Producer to obtain *an ex parte restraining order, preliminary injunction and permanent injunction (herein 'Injunctive Relief')* preventing the disclosure, or any further disclosure, of any Confidential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9751 GAF (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | Kenny Rosen et al v. CBS Broadcasting Inc | | |

Information.

(Id.) (Emphasis added.) Likewise, each agreement contains substantially the same material language regarding arbitration. (See Altman Decl., Ex. 1 [Rosen NDA] at 5; CBS SUF ¶ 1.) That language (the "Arbitration Clause") states as follows:

> The parties agree that any and all disputes or controversies arising under this Agreement, or any of its terms, *any effort by any party to enforce, interpret, construe, rescind, terminate or annul this Agreement, or any provision thereof,* shall be resolved by binding arbitration . . . . *The parties hereto agree that, notwithstanding the provisions of this paragraph, Producer shall have a right to injunctive or other equitable relief as provided for in California Code of Civil Procedure 1281.8 or other relevant laws.*

(Id. at 5 (emphasis added); see also CBS SUF ¶ 1; Demand for Arbitration at 12.) CBS, as stated in the NDAs, is the third party beneficiary of the NDAs and "possesses the full power and authority to enforce the terms of [the NDAs] on Producer's behalf, or on its own behalf." (Rosen NDA at 5.)

The agreement is noteworthy in a number of respects. First, it separately contemplates the pursuit of equitable and legal remedies, twice mentioning equitable relief before the topic of arbitration is covered. The first reference indicates that an action for and the recovery of damages for breach of the agreement is without prejudice to CBS's right to seek equitable remedies that are available because of the breach. Next, the agreement contains a liquidated damages clause that warns that the damages remedy does not preclude CBS from seeking an injunction to preclude the unauthorized disclosure or threatened disclosure of any confidential information. The Arbitration Clause itself states that CBS has the right to pursue injunctive relief as permitted under California Code of Civil Procedure § 1281.8 or other relevant laws. That section allows a party to an arbitration agreement to pursue "in any proper court" an application for provisional remedies, including temporary restraining orders and preliminary injunctions, where an arbitration award might be "rendered ineffectual without provisional relief." Cal. Code Civ. P. § 1281.8(b). Finally, the arbitration provision broadly confers on the arbitrator the authority to resolve more than just disputes that arise under the NDA. It expressly provides in pertinent part that "any effort by any party to enforce, interpret, construe, rescind, terminate or annul this Agreement, or any provision thereof" is to be resolved by binding arbitration.

These contract terms inform the Court's thinking in addressing the principal issue for resolution in the pending motions: did CBS waive the right to arbitrate by pursuing litigation in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9751 GAF (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | Kenny Rosen et al v. CBS Broadcasting Inc | | |

district court and who should decide that question. The Court focuses on the second question first.

### D. THE PARTIES AGREED TO SUBMIT THE WAIVER ISSUE TO ARBITRATION[3]

As the parties' papers suggest, there are cases that support the competing arguments in this case. For example, CBS relies heavily on the Supreme Court's Howsam decision which drew a distinction between procedural questions that affect arbitrability and substantive questions over whether the Arbitration Clause applies to a particular type of dispute and noted that, as to the former, there is a presumption "that the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability." Howsam v. Dean Witter Reynolds, 537 U.S. 79, 84 (2002) (internal quotations and citation omitted). A number of circuit decisions appear to follow suit. See, e.g., Republic of Ecuador v. Chevron Corp., 638 F.3d 384, 394 (2d Cir. 2011); Nat'l Am. Ins. Co. v. Transamerica Occidental Life Ins. Co., 328 F.3d 462, 466 (8th Cir. 2003). Rosen, on the other hand, notes that Howsam's "presumption" has been questioned in other circuit decisions that indicate that waiver by litigation conduct must be determined by the Court. See, e.g., Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 219 (3d Cir. 2007); Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 12-13 (1st Cir. 2005). Rosen also notes that the Ninth Circuit distinguished Howsam in a relatively recent case reversing a finding of waiver. Cox v. Ocean View Hotel Corp., 533 F.3d 1114 (9th Cir. 2008).

Having studied these decisions for what they did rather than what they said, the Court does not find any of them particularly helpful in applying the Arbitration Clause in this case. Howsam, for instance, determined that a National Association of Securities Dealers ("NASD") arbitrator should determine the applicability of an NASD time limitations rule in an arbitration proceeding commenced under a standard arbitration agreement between a customer and a broker-dealer. Leaving that decision to the arbitrator was hardly a surprising result. 537 U.S. at 85. Republic of Ecuador determined that a claim that Chevron had waived, or should be

---

[3] The Court is cognizant that some cases speak in terms of whether the issue of waiver by litigation conduct is presumptively for the Court or an arbitrator to decide, (e.g., CBS Mem. at 13), and that a number of the cases discussed in this order containing language that indicates that the issue is indeed presumptively for judicial determination. However, the Court's assessment of the case law persuades it that the true threshold question is: what issues are encompassed by the parties arbitration agreement. Controlling Supreme Court authority clearly permits the parties to submit gateway questions to an arbitrator so long as they make their intentions clear.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9751 GAF (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | Kenny Rosen et al v. CBS Broadcasting Inc | | |

estopped from pursuing, arbitration of an environmental dispute with indigenous tribes under the terms of the Bilateral Investment Treaty between the United States and Ecuador, an arbitration that had been pending for years, was a matter to be determined by the arbitrator. 638 F.3d at 391-92. And National American Insurance concluded that whether National American had waived its right to arbitrate a reinsurance dispute against Transamerica because it had failed to join Transamerica in an earlier arbitration proceeding against other insurance companies was a matter to be determined in arbitration. 328 F.3d at 466. All cases contained language that supports CBS's position, but none of the cases remotely resemble the present dispute. But, on the other hand, neither do Rosen's authorities. Ehleiter involved a personal injury dispute – a slip and fall case – involving an employee who worked on premises owned by the defendant. 482 F.3d at 210. Four years into the case the defendant sought to initiate arbitration proceedings under the terms of an arbitration agreement between the employee and her employer; the court perfunctorily concluded that the issue was for the court and not the arbitrator and, not surprisingly, found waiver of the right to arbitrate. Id. at 221, 225. Marie held that an employer is not required to initiate arbitration proceedings when an employee files an EEOC complaint and does not waive arbitration by waiting until EEOC proceedings have concluded. 402 F.3d 1, 16-17. The circuit cited to significant public policy grounds that made it appropriate for the court to decide the question and to establish a rule that would not force potentially wasteful and duplicative proceedings. Id. at 13-14. Both cases reached conclusions that eliminated the potential duplication of effort that would have resulted from a contrary decision. The Court addresses Ninth Circuit precedent, including Cox, in greater detail below.

On the critical question in this case, the Court finds most persuasive the Supreme Court's decision in First Options of Chicago v. Kaplan, 514 U.S. 938 (1995). In that case, Kaplan, his company MKI, and others owed First Options money in connection with certain stock purchases. Id. at 940. MKI and Kaplan each entered into a workout agreement to resolve the dispute. Id. When they failed to make payments as required under the agreement, First Options sought arbitration before a stock exchange panel. Id. MKI's agreement had an arbitration provision; Kaplan's agreement did not. MKI submitted to arbitration, but Kaplan objected. Id. at 941. The arbitration panel, which concluded that it had the authority to determine Kaplan's challenge to the arbitrability of the dispute, ruled against Kaplan on the gateway question and on the merits. Id. The court of appeals affirmed the award as to MKI but reversed as to Kaplan, id.; the Supreme Court affirmed the decision of the court of appeals. Id. at 949. The Supreme Court identified the issue this way:

> The first question-the standard of review applied to an arbitrator's decision about arbitrability-is a narrow one. To understand just how narrow, consider three types of disagreement present in this case. First, the Kaplans and First Options disagree about

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9751 GAF (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | Kenny Rosen et al v. CBS Broadcasting Inc | | |

whether the Kaplans are personally liable for MKI's debt to First Options. That disagreement makes up the merits of the dispute. Second, they disagree about whether they agreed to arbitrate the merits. That disagreement is about the arbitrability of the dispute. Third, they disagree about who should have the primary power to decide the second matter. Does that power belong primarily to the arbitrators (because the court reviews their arbitrability decision deferentially) or to the court (because the court makes up its mind about arbitrability independently)? We consider here only this third question.

First Options, 514 U.S. at 942. As to that third question, the Court wrote:

We believe the answer to the 'who' question (i.e., the standard-of-review question) is fairly simple. Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about that matter.

Id. at 943 (internal citation omitted). It is that question – who decides the gateway question – that is at the center of the present dispute. First Options teaches that that question is answered like all other questions relating to arbitrability – by asking: What did the parties intend? Id. at 944. By insuring that the intent is clearly indicated, the Court avoids forcing "unwilling parties to arbitrate a matter they reasonably would have thought a judge, not an arbitrator, would decide." Id. at 945.[4]

Here the Court concludes that the NDAs between the Parties provide a clear answer to the question of who decides the challenge to the enforceability of the Arbitration Clause, and who interprets the Arbitration Clause. Unlike Kaplan in First Options, Rosen was a party to the Arbitration Clause. Furthermore, and most importantly, Rosen cannot claim to be someone unwilling to arbitrate this dispute with CBS because he reasonably believed that it would be decided by a judge. Why? Because the Arbitration Clause itself explicitly recognizes and addresses the prospect that a party might challenge the enforceability of the Clause. The Arbitration Clause clearly states that "***any*** effort by any party to ***enforce, interpret, construe, rescind, terminate or annul this Agreement, or any provision thereof***, shall be resolved by binding arbitration . . . ." (Rosen NDA, at 5) (emphasis added.) The Court views the claim that

---

[4] This conclusion is reinforced Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 447 (2003), which held that the interpretation of an arbitration clause – including issues such as the scope of its coverage – are matters to be arbitrated. Thus, an agreement by the parties to submit "all disputes, claims, or controversies" to an arbitrator would confer on the arbitrator the authority to determine whether the agreement authorized the arbitration of class claims. Id. at 451-52.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9751 GAF (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | Kenny Rosen et al v. CBS Broadcasting Inc | | |

CBS waived enforcement of the agreement by its litigation conduct as an effort to "rescind, terminate or annul" a "provision thereof" and is therefore a matter that must be decided by an arbitrator. This conclusion finds strong support in the Supreme Court's clear mandate that courts considering the arbitrability of disputes should be mindful that the Federal Arbitration Act "declar[es] a national policy favoring arbitration." Nitro-Lift Techologies, LLC v. Howard, 133 S.Ct. 500, 503 (2012).

Ninth Circuit precedent cited by the parties does not require a different result. In Momot v. Mastro, 652 F.3d 982 (9th Cir. 2011), the trial court enjoined arbitration proceedings initiated by defendants under an arbitration provision in a contract involving the sale of businesses and the allocation of proceeds among investors. Id. at 983-84. The trial judge had concluded that the question of the arbitrability of the dispute should be resolved in district court. Id. The Ninth Circuit reversed based on its consideration of the terms of the agreement and its conclusion that the agreement clearly reflected an intent to have the arbitrators decide questions of arbitrability. Id. The Court concluded:

> Although gateway issues of arbitrability presumptively are reserved for the court, the parties may agree to delegate them to the arbitrator. The Supreme Court recently reaffirmed this principle in Rent–A–Center, West, Inc. v. Jackson, holding that courts must enforce the parties' "agreement to arbitrate threshold issues" regarding the arbitrability of their dispute, and may do so by staying federal litigation under section 3 of the FAA or compelling arbitration under section 4.

Id. at 988 (internal citations omitted). Momot therefore stands for the unremarkable proposition that the terms of the agreement define the scope of the arbitrator's authority.

In Cox., 533 F.3d 1114, an employee, Cox, sought to arbitrate a dispute with his employer during his employment tenure. Id. at 1117. The employer refused to agree to arbitration on the ground that the effort to initiate arbitration proceedings was premature. Id. Some time later, the employer terminated Cox, who then filed a lawsuit. Id. The employer moved to stay the suit and to arbitrate the dispute. Id. The trial court denied the motion to compel arbitration and granted Cox's motion for summary adjudication of the claim that the employer had waived its right to arbitrate. Id. The Ninth Circuit reversed. Id. Although the Court concluded that the trial court had properly considered the issue of waiver, it noted the following at the outset of its analysis:

> [T]he FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9751 GAF (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | Kenny Rosen et al v. CBS Broadcasting Inc | | |

issue.' Cox challenges the arbitration agreement only on the first ground. Therefore, we decide whether Cox's contract-based challenges to enforcement-breach of the agreement and waiver-are properly before the court.

Id. at 1119 (internal citation omitted). Thus, although the Circuit concluded that the enforceability of the arbitration clause against a waiver claim should be decided by a court, it was not called on to decide whether that determination was itself subject to the terms of the arbitration clause. Cox therefore does not contradict the analysis of First Options, Momot, and Rent-A-Center, West, Inc. v. Jackson, 130 S. Ct. 2772, 2777-78 (2010).

In sum, the Court concludes that, because the Arbitration Clause between the Parties indicates that challenges to its enforceability and its interpretation should be arbitrated, Rosen's motion for partial summary judgment should be **DENIED** and CBS's motion to stay should be **GRANTED.**

## C. WAIVER

Even if the Court were to agree with Rosen and conclude that the issue of waiver is not delegated to the arbitrator, the result would not change. The consideration of that issue is guided by Cox, which noted:

> In determining waiver, a court can consider (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

533 F.3d at 1124 (quoting St. Agnes Med. Ctr. v. PacifiCare of Cal., 31 Cal.4th 1187, 1196 (2003)).

Application of these factors does not support a finding of waiver in this case. With respect to factor (1), CBS's conduct cannot be said to be patently inconsistent with the right to arbitrate. The dispute in the initial litigation was complex and involved not only Rosen, but also ABC, which was not a party to the Arbitration Clause and could not have been forced into

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9751 GAF (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | Kenny Rosen et al v. CBS Broadcasting Inc | | |

arbitration. Moreover, the suit included non-arbitrable claims, most notably the CBS claim that ABC's "Glass House" infringed on CBS's claimed copyright in its "Big Brother" reality series. Through the litigation, CBS sought preliminary injunctive relief against ABC and Rosen, which is expressly contemplated by the Arbitration Clause. These facts are inconsistent with any assertion that CBS acted inconsistently with its right to arbitrate. Furthermore, CBS almost immediately gave notice to Rosen that it did not intend to seek any damages remedy against him in the district court case and that it intended to dismiss those claims from the lawsuit. The fact that there was some delay in the dismissal does not persuade the Court that this representation was insincere.

As to factors (2) and (3), while some litigation activity took place in district court, it was relatively brief and had not gone past CBS's request for preliminary relief for the alleged misuse of copyrighted material and confidential information. Factor (4) is plainly inapplicable. As to factor (5), there was some discovery taken with respect to CBS's effort to obtain provisional relief, but it was relatively focused and cannot be described as so extensive as to amount to an effort to circumvent the procedures available through arbitration. Finally, as to factor (6), the delay in the initiation of the arbitration proceedings was three to four months at the most, and Rosen has not provided the Court with any evidence that this delay in any way misled or prejudiced him, although he does complain of prejudice from having to provide discovery. The Court finds no actual prejudice to Rosen; nothing occurred in the district court litigation that will interfere in any way with Rosen's ability to vindicate his legal position in the pending arbitration.

For these reasons, the Court concludes that CBS's effort to obtain injunctive relief in federal court litigation, an effort contemplated and permitted by the NDAs, has not waived its right to arbitrate its dispute with Rosen.

**IV.
CONCLUSION**

Rosen's motion for partial summary adjudication is **DENIED.** CBS's motion to dismiss is **GRANTED.** All further proceedings are **STAYED** pending resolution of the arbitration proceedings already initiated by CBS.

**IT IS SO ORDERED**.